IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
DISTRICT COURT
BRUNSWICK DIV.

2013 DEC 13 A 10: 34

CLERK
SO. DIST. OF GA.

JUAN JOSE DIAZ,

  Petitioner,

vs.            CIVIL ACTION NO.: CV513-095

TRACY JOHNS, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan Diaz ("Diaz"), an inmate at D. Ray James Detention Center in Folkston, Georgia filed a petition pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent filed a Motion to Dismiss. (Doc. 5). Diaz filed a Response. (Doc. 9). For the reasons which follow, Respondent's Motion should be **GRANTED** and Diaz's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

In 1986, Diaz "pled guilty to the crime of criminal possession of a weapon in the third degree" and was sentenced to four months' imprisonment. (Doc. 1-3, pp. 6-7). In 1989, Diaz was "serving [ ] 8 ½ to 17 years . . . he was convicted of criminal sale of controlled substance in the third degree." Id. at 8. At that time, the Supreme Court of the State of New York, "in accordance with [a] plea bargain . . . sentence[d] [Diaz] . . . for a term of 2 to 4 years imprisonment to be served concurrently with the [8 ½ to 17-year] sentence" he was already serving. Id. at 10. The 1989 conviction for the criminal

sale of a controlled substance in the third degree was reversed and a new trial was ordered. (Doc. 1-2, p. 3). Diaz later pled guilty to attempted criminal sale of a controlled substance and was sentenced to three to six years' imprisonment. (Doc. 1-1, p. 2).

On October 17, 1996, Diaz was sentenced to "two concurrent terms of life imprisonment" for conspiracy to import cocaine (Count I) and conspiracy to possess with intent to distribute cocaine (Count II). (1:02-cv-23059-KMM, S.D. Fla., Doc. 13, p. 2). Diaz was also sentenced to a "consecutive term of sixty months" for "using and carrying a firearm during and in relation to a drug crime" (Count III). Id. The United States Court of Appeals for the Eleventh Circuit affirmed Diaz's conviction as to Counts I and II, but reversed his conviction for using and carrying a firearm during a drug crime, determining the evidence to be "insufficient to support his conviction on Count III." United States v. Gonzalez, 183 F.3d 1315, 1319, 1325 (11th Cir. 1999). The Eleventh Circuit remanded the case "for re-sentencing in light of the government's failure to strictly adhere to the requirements of 21 U.S.C. § 851." Id. at 1328. On February 8, 2001, Diaz was sentenced "to be imprisoned for a term of 132 months as to Count I, and 130 months as to Count II to run consecutive to each other." (1:96-cr-00067-KMM, S.D. Fla., Doc. 244, p. 2).

In 2001, Diaz filed a motion pursuant to 28 U.S.C. § 2255; this motion was dismissed, without prejudice, because Diaz filed a notice of appeal which divested the court of its jurisdiction "to entertain a collateral attack upon the validity of the conviction and sentence." (1:01-cv-01264-KMM, S.D. Fla., Doc. 3, pp. 1-2). Diaz appealed his conviction, asserting that it was illegal under Apprendi v. New Jersey, 530 U.S. 466

2

(2000). (1:96-cr-00067-KMM, Doc. 274, p. 4). The Eleventh Circuit held that Diaz had no Apprendi claim because his sentence fell below the statutory maximum. Id. at 6. The court stated, "[w]hen the ultimate sentence does not exceed the aggregate statutory maximum for the multiple convictions, no error occurs in sentencing." Id. at 6-7 (citing United States v. Smith, 240 F.3d 927, 930 (11th Cir. 2001)). Diaz's Apprendi claim failed because his 262-month sentence fell "well short of the aggregate maximum sentence" of forty years. Id. at 7. Diaz's sentence was affirmed. Id.

In 2002, Diaz filed a § 2255 motion (1:02-cv-23059-KMM, Doc. 1), asserting grounds of ineffective assistance of counsel "for failure to raise a Bruton[1] issue on direct appeal when requested to do so," and for violation of "Rule 32 by not going over the [Pre-Sentence Investigation Report] with petitioner before sentencing." Id. at 4. Diaz also requested an evidentiary hearing. Id. at 5. The court determined that Diaz was attempting to "relitigate" the Apprendi, claim "by guising it in terms of ineffective assistance of counsel." (1:02-cv-23059-KMM, Doc. 13, p. 12). This petition was denied. (1:02-cv-23059-KMM, Doc. 17, p. 1). The report and recommendation, adopted by the district judge, noted that the aggregate statutory maximum penalty was forty years (twenty as to each count), and that Diaz was sentenced below this maximum. (1:02-cv-23059-KMM, Doc. 13, p. 13). The court stated that "the rule of Apprendi would not apply, since the movant was sentenced to a term within the statutory maximum." Id.

In 2012, Diaz filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 of the United States Sentencing Guidelines seeking correction of an allegedly incorrectly imposed sentence. (1:96-cr-00067-KMM, Doc. 347). Diaz claimed the court

---

[1] Bruton v. United States, 391 U.S. 123 (1968).

3

erred in applying the incorrect guidelines and base offense level, which did not apply to Diaz's offense, but applied to a more serious offense, of which Diaz was never tried nor convicted. Id. at 1. Diaz argued that the sentencing court incorrectly sentenced Diaz under Section 2D1.1, which applied a more serious offense level of 32 based upon quantities of cocaine as provided for by § 841(b)(1)(A), although he was never convicted and sentenced under § 841. Id. at 8. The United States District Court for the Southern District of Florida denied this motion. (1:96-cr-00067-KMM, Doc. 354).

Here, Diaz asserts that he was improperly classified as a career offender, and that such status overrepresented his criminal history category. (Doc. 1-4, p. 2). Diaz argues that his attempt offense is not a predicate crime of violence for career offender status. Id. at 2-3. He claims that he should have been sentenced under the guidelines as they stood at the time of his offense, when an attempt crime would not have qualified him as a career offender. Id. at 4. Diaz asserts that the enhancement in his sentencing is an element of the offense. Id. at 5.

## DISCUSSION AND CITATION OF AUTHORITY

"Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255." Stallings v. Warden, FCC Coleman-Low, 519 F. App'x 675, 677 (11th Cir. 2013) (citation omitted). "Having already unsuccessfully filed a § 2255 motion raising other issues . . . [a petitioner] may not raise his [ ] claim about the misapplication of the career offender guidelines in another § 2255 motion. Section 2255(h) bars second and successive motions except in two narrow circumstances." Gilbert v. United States, 640 F.3d 1293, 1305 (11th Cir. 2011). Title 28 of the United States Code Section 2255(h) provides:

4

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Neither of these circumstances apply in this case to allow Diaz a successive § 2255 motion.

Diaz's other alternative to attack the validity of his sentence is by application of the savings clause. "The 'savings clause' of § 2255 [ ] permits a federal prisoner to file a § 2241 petition if the petitioner can establish that § 2255 'is inadequate or ineffective to test the legality of his detention.'" Stallings, 519 F. App'x at 677 (quoting 28 U.S.C. § 2255(e)). The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable, first:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explaining that [t]he actual holding of

5

the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (alteration in original) (citation omitted) (internal quotation marks omitted). However, the holding in Wofford established "two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. In regards to an attack on sentences, the Eleventh Circuit recognized that:

> If the savings clause operates to allow attacks on old sentences that were lengthened by enhancements that later decisions have called into doubt, there is no reason it would not also operate to do the same with any other guidelines calculation error. As a result, no federal judgment imposing a sentence would be truly final until the sentence was completely served or the prisoner had gone on to face a different kind of final judgment.

Gilbert, 640 F.3d at 1310. In Gilbert, the Eleventh Circuit expressly held that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id. at 1323.

Since Diaz's argument for the misapplication of sentencing guidelines was available when he filed his § 2255 motion in 2002, the savings clause is not satisfied so as to permit Diaz to seek relief outside the court of conviction pursuant to a § 2241 petition. Although Diaz's trial and imprisonment path is easily *confused,* it is clear that

O 72A
Rev. 8/82)

he was ultimately sentenced to 262 months' imprisonment on Count I and Count II on the 1996 convictions. The Eleventh Circuit has previously stated that Diaz's maximum sentence was forty years, and his 262-month sentence is substantially less than this maximum. Even assuming, as the court did in Gilbert, that Diaz would receive a substantially lower sentence if he were resentenced today, he is not entitled to utilize the savings clause to attack the validity of his sentence. "Because [Diaz's 262-month] sentence did not exceed the statutory maximum, he may not rely on the savings clause of § 2255(e) to bring his claim under § 2241." Stallings, 519 F. App'x at 677 (citation omitted).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Diaz's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE